UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHMUEL LOWENBEIN and DOVI LOWENBEIN on behalf of themselves and all similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ENHANCED RECOVERY COMPANY, LLC f/k/a ENHANCED RECOVERY CORPORATION,<br><br>    Defendant. | Civil Action No.: 11-cv-3341 |

**DEFENDANT ENHANCED RECOVERY COMPANY, LLC'S
ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT**

NOW COMES Defendant Enhanced Recovery Company, LLC ("ERC") by and through undersigned counsel, and for its Answer to Plaintiffs' Class Action Complaint, states as follows:

**INTRODUCTION**

1.  ERC admits that Plaintiffs purport to bring an action for damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, but denies any and all damages, liability, and/or violations, to the extent alleged in ¶ 1. ERC further states the balance of the allegations are denied as calling for a legal conclusion.

## PARTIES

2. ERC denies the allegations in ¶ 2 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

3. ERC denies the allegations in ¶ 3 as calling for a legal conclusion.

4. ERC admits that it has a principal place of business in Jacksonville, Florida and that its corporate status is that of a limited liability company. Except as specifically admitted, the allegations in ¶ 4 are denied.

5. ERC admits only that as part of its business, it attempts to collect debts owed to others. Except as specifically admitted, ERC denies the allegations in ¶ 5.

6. ERC admits only that when it operates as a debt collector as defined by 15 U.S.C. § 1692(a)(6), certain of its activities may be regulated by the FDCPA. Except as specifically admitted, ERC denies the allegations in ¶ 6.

## JURISDICTION AND VENUE

7. ERC admits this Court has federal question jurisdiction only as to Plaintiffs' FDCPA claim. Except as specifically admitted, ERC denies the allegations in ¶ 7.

8. ERC admits that venue is proper only as to Plaintiffs' FDCPA action. Except as specifically admitted, ERC denies the allegations in ¶ 8.

9. ERC admits only that it attempted to collect a debt owed by plaintiffs. Except as specifically admitted, ERC denies the remaining allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

10. ERC denies the allegations in ¶ 10.

11. ERC denies the allegations in ¶ 11.

12. ERC denies the allegations in ¶ 12.

13. ERC denies the allegations in ¶ 13.

14. ERC denies the allegations in ¶ 14.

15. ERC denies the allegations in ¶ 15.

16. ERC denies the allegations in ¶ 16.

17. ERC denies the allegations in ¶ 17.

## COUNT I

18. ERC repeats and reiterates its answer to the allegations in ¶¶ 1 through 17 as if same were set forth herein at length.

19. ERC admits Plaintiffs' purport to bring this action as a class action but denies it meets the requirements of Fed. R. Civ. P. 23.

20. ERC denies the allegations in ¶ 20.

21. ERC denies the allegations in ¶ 21.

22. ERC denies the allegations in ¶ 22, including sub-parts (A) through (E).

23. ERC denies the allegations in ¶ 23.

24. ERC denies Plaintiffs will have a basis and will be entitled to seek to certify a class pursuant to Fed. R. Civ. P. 23(b)(3).

25. ERC denies the allegations in ¶ 25 as calling for a legal conclusion.

26. ERC denies the allegations in ¶ 26.

27. ERC denies the allegations in ¶ 27.

## COUNT II

28. ERC repeats and reiterates its answer to the allegations in ¶¶ 1 through 27 as if same were set forth herein at length.

29. ERC denies the allegations in ¶ 29.

30. ERC denies the allegations in ¶ 30.

31. ERC denies the allegations in ¶ 31.

32. ERC denies the allegations in ¶ 32.

33. ERC denies the allegations in ¶ 33.

34. ERC denies the allegations in ¶ 34.

35. ERC admits Plaintiffs purport to bring this action as a class action, but denies it meets the requirements of Fed. R. Civ. P. 23.

36. ERC denies the allegations in ¶ 36.

37. ERC denies the allegations in ¶ 37.

38. ERC denies the allegations in ¶ 38.

39. ERC denies the allegations in ¶ 39, including sub-parts (A) through (E).

40. ERC denies the allegations in ¶ 40.

41. ERC denies Plaintiffs will have a basis and will be entitled to seek to certify a class pursuant to Fed. R. Civ. P. 23(b)(3).

42. ERC denies the allegations in ¶ 42 as calling for a legal conclusion.

43. ERC denies the allegations in ¶ 43.

44. ERC denies the allegations in ¶ 44.

## COUNT III

45. ERC repeats and reiterates its answer to the allegations in ¶¶ 1 through 44 as if same were set forth herein at length.

46. Paragraph 46 makes no allegations against ERC to which an Answer is required. To the extent an Answer is required, ERC denies the allegations in ¶ 46 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

47. ERC denies the allegations in ¶ 47.

48. ERC denies the allegations in ¶ 48.

49. ERC denies the allegations in ¶ 49 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

50. ERC denies the allegations in ¶ 50 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

51. ERC denies the allegations in ¶ 51 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

52. ERC denies the allegations in ¶ 52 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

53. ERC denies the allegations in ¶ 53 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

54. ERC denies the allegations in ¶ 54.

55. ERC denies the allegations in ¶ 55.

56. ERC denies the allegations in ¶ 56..

57. ERC denies the allegations in ¶ 57.

58. ERC denies the allegations in ¶ 58.

59. ERC denies the allegations in ¶ 59.

60. ERC denies the allegations in ¶ 60.

61. ERC denies the allegations in ¶ 61.

## COUNT IV

62. ERC repeats and reiterates its answer to the allegations in ¶¶ 1 through 61 as if same were set forth herein at length.

63. ERC denies the allegations in ¶ 63.

64. ERC denies the allegations in ¶ 64.

65. ERC denies the allegations in ¶ 65.

66. ERC denies the allegations in ¶ 66.

67. ERC denies the allegations in ¶ 67.

64. [sic] ERC denies the allegations in ¶ 64.

## COUNT V

65. [sic] ERC repeats and reiterates its answer to the allegations in ¶¶ 1 through 67 and 64 [sic] as if same were set forth herein at length.

66. [sic] ERC admits only that it called Plaintiff on the date referenced in Paragraph 66. Except as specifically admitted, the allegations in ¶ 66 are denied.

67. [sic] ERC denies the allegations in ¶ 67 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

68.     ERC admits only that it left a message for Plaintiff. Except as specifically admitted, the allegations in ¶ 68 are denied.

69.     ERC denies the allegations in ¶ 69 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

70.     ERC denies the allegations in ¶ 70 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

71.     ERC denies the allegations in ¶ 71 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

72.     ERC denies the allegations in ¶ 72 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

73.     ERC denies the allegations in ¶ 73.

74.     ERC denies the allegations in ¶ 74.

AND NOW, in further Answer to the Class Action Complaint, Enhanced Recovery Company, LLC avers as follows:

### FIRST AFFIRMATIVE DEFENSE

One or more of the counts/grounds in Plaintiffs' Class Action Complaint fails to state a claim against ERC upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD AFFIRMATIVE DEFENSE

Any harm suffered by Plaintiffs was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of ERC, or for whom ERC is not responsible or liable.

### FOURTH AFFIRMATIVE DEFENSE

Assuming Plaintiffs have suffered any damages, Plaintiffs have failed to mitigate their damages or take other reasonable steps to avoid or reduce their damages

### FIFTH AFFIRMATIVE DEFENSE

One or more claims asserted by Plaintiffs are barred by the statute of limitations, laches, estoppel, waiver, and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

This Court has no subject matter jurisdiction over the TCPA claim.

### SEVENTH AFFIRMATIVE DEFENSE

One or more of the telephone calls were not made to a wireless, i.e., cellular, telephone.

### EIGHTH AFFIRMATIVE DEFENSE

The phone calls made by ERC are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B) & 47 U.S.C.§ 227(b)(2)(b) & 47 C.F.R. § 64.1200(a).

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs have a business relationship with the creditor, and this business relationship extends to ERC, the creditor's debt collector.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs consented to receiving calls for the account at issue.

**ELEVENTH AFFIRMATIVE DEFENSE**

ERC called Plaintiffs on the number that Plaintiffs gave to the creditor.

**TWELFTH AFFIRMATIVE DEFENSE**

ERC called Plaintiffs on the number that the creditor gave to ERC.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Hobbs Act, 28 U.S.C. § 2342, bars this Court from overruling the FCC Orders, which exempt the calls from the TCPA.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs fail in whole or in part to satisfy the requirements for a class action regarding their FDCPA claim.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' FDCPA action should not be maintained as a class action because individual questions of law predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of this matter.

## **SIXTEENTH AFFIRMATIVE DEFENSE**

The telephone equipment used by ERC is not subject to or covered by the TCPA, as it is not an automatic telephone dialing system, and because "pre-recorded or artificial voice" messages are not used.

WHEREFORE, Defendant Enhanced Recovery Company, LLC, respectfully requests this Answer be deemed good and sufficient, Plaintiffs' lawsuit be dismissed with prejudice at Plaintiffs' costs pursuant to Federal and State law, Plaintiffs be ordered to pay reasonable attorney's fees and costs for ERC, and for all other general and equitable relief.

Dated: December 19, 2011                   Respectfully submitted

/s/ Aaron R. Easley
Aaron R. Easley (ae9922)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Telephone No.: (908) 751-5940
Facsimile No.: (908) 751-5944
aeasley@sessions-law.biz
Attorneys for Defendant
Enhanced Recovery Company, LLC

## CERTIFICATE OF SERVICE

I certify that on this 19th day of December 2011, a copy of **Enhanced Recovery Company, LLC's Answer to Class Action Complaint** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

    Adam J. Fishbein, Esq. (AF-9508)
    483 Chestnut Street
    Cedarhurst, NY 11516
    Tel.: (516) 791-4400
    Fax.: (516) 791-4411
    fishbeinadamj@gmail.com
    Attorney for Plaintiff


        By:    /s/ Aaron R. Easley
                  Aaron R. Easley, Esq.
                  Attorney for Defendant
                  Enhanced Recovery Company, LLC