# Exhibit B

SUMMONS ISSUED

CV-11 3341

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUL 1 2 2011   ★

LONG ISLAND OFFICE

SHMUEL LOWENBEIN AND )
DOVI LOWENBEIN on behalf of )
themselves and all similarly situated )
Plaintiffs, )
)
-against- )
)
)
ENHANCED RECOVERY )
COMPANY, LLC )
f/k/a ENHANCED RECOVERY )
CORPORATION )
)
Defendant. )

ROSS, J.

CARTER, M.J.

## CLASS ACTION COMPLAINT

*Introduction*

1.  Plaintiffs Shmuel Lowenbein and Dovi Lowenbein seek redress for the illegal practices of Enhanced Recovery Company, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") and violations of the Telephone Communications Privacy Act.

*Fotl v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y 2006) (found that debt collectors who use automated messages do so at the peril of violating the FDCPA, either by not leaving enough information for the debtor in violation of §§ 1692d(6) and 1692e(11), or by leaving too much information for a possible third party in violation of § 1692c(b) Debt collectors . . . should use other means to collect, including calling and directly speaking with the

-1-

consumer or sending appropriate letters). Defendant has blatantly ignored the suggestion of Judge Karas in the *Foti* case and contacted the plaintiffs hundreds of times as is set forth below.

### *Parties*

2. Plaintiffs are citizens of the State of New York who resides within this District.

3. Plaintiffs are "consumer[s]" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt.

4. Defendant's principal place of business is located in or about Jacksonville, Florida. Defendant was conducting business as a corporation but on April 4, 2011 changed its corporate status to a limited liability company.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

9. On information and belief, on a date better known by defendant, defendant attempted to collect alleged consumer debts from the plaintiffs.

10. On or about March 14, 2011 defendant's representative left two messages for the plaintiff.

11. One message left gave full disclosure of the purpose of the call that it was from a debt collector and mentioned the name Nationwide.

12. One message left was an attempt to confirm location information.

13. Defendant had the proper information for the plaintiff as it left a message for the plaintiff on the very same day.

14. Defendant knew or should have known that the defendant had the plaintiff's location information.

15. The defendant's location information message failed to set forth the name of the defendant or any information that the message was concerning the collection of a debt or that the message was from a debt collector.

16. Upon information and belief, the said location information message was either pre-scripted or pre-recorded.

17. The said telephone message is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d(6), 1692e(10) and 1692e(11).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff DanShmuel Lowenbein on behalf of himself and the members of a class, as against the defendant.*

18. Plaintiff Shmuel Lowenbein restates, realleges, and incorporates herein by reference, paragraphs 1-13 as if set forth fully in this Cause of Action.

19. This action is brought on behalf of plaintiff and the members of a class.

20. The Class consists of consumers who were left a telephone message concerning a consumer debt without having been informed that the communication was from a debt collector.

21. The Class consists of all persons whom Defendant's records reflect resided in the United States and who received telephonic messages from defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to a consumer seeking payment of a consumer debt; and (c) that the telephone messages were in violation 15 U.S.C. §§ 1692d(6) and 1692e(10).

22. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (C) The only individual issue is the identification of the consumers who received the telephonic messages, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   (D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiffs will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiffs' interests are consistent with those of the members of the class.

23. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

24. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

25. Telephonic messages, such as those left by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## *Violations of the Fair Debt Collection Practices Act*

26. The actions of the defendant violate the Fair Debt Collection Practices Act.

27. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

## AS AND FOR A SECOND CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiffs on behalf of themselves and the members of a class, as against the defendant.*

28. Plaintiffs restate, reallege, and incorporate herein by reference, paragraphs 1-9 as if set forth fully in this Cause of Action.

29. The defendant called the plaintiffs 546 times within a one year period.

30. Said amount of calls is harassing.

31. Defendant caused plaintiff to incur charges for defendant's collection communications when plaintiff had no reason to know the communication's purpose.

32. Defendant was prohibited from placing a call that will cause a charge to plaintiff without having notified plaintiff to expect it and without having announced its collection purpose.

33. Defendant called plaintiff's wireless phone number and plaintiff was charged a toll on all those incoming calls. Plaintiff was not alerted to the calls beforehand.

34. Said calls violate 15 U.S.C. § 1692f(5).

35. This action is brought on behalf of plaintiffs and the members of a class.

36. The Class consists of consumers who were left telephone messages concerning the leaving of hundreds of times messages within a one year period, or at least an amount deemed excessive pursuant to the FDCPA.

37. The Class consists of all persons whom Defendant's records reflect resided in the United States and who received telephonic messages from defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone messages were placed to a consumer seeking payment of a

consumer debt; and (c) that the telephonic messages were in violation 15 U.S.C. § 1692d.

38. A sub-class exists for those members who were called a sufficient amount of times within a period of time to be considered harassment under 1692d.

39. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (C) The only individual issue is the identification of the consumers who received the telephonic messages, (i.e. the class members), a matter capable of ministerial determination from the records of Defendant.

   (D) The claims of the plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

   (E) The plaintiffs will fairly and adequately represent the class members' interests. The plaintiffs have retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiffs' interests are consistent with those of the members of the class.

40. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing

the FDCPA, 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

41. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

42. Telephonic messages, such as those left by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

43. The actions of the defendant violate the Fair Debt Collection Practices Act.

44. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully request that this Court enter judgment in their favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)  Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A THIRD CAUSE OF ACTION

*Violations of the Telephone Consumer Protection Act brought by plaintiffs*

45. Plaintiffs restate, reallege, and incorporates herein by reference, paragraphs 1-7 as if set forth fully in this Cause of Action.

46. Plaintiff Dovi Lowenbein joins in this second cause of action.

47. The defendant initiated 546 pre-recorded calls to the plaintiff's wireless numbers.

48. The plaintiffs were charged for each call or attempted call.

49. The number 800-496-4493 appeared and was the source of 274 calls to plaintiff Dovi Lowenbein.

50. The number 800-358-7355 appeared and was the source of 45 calls to plaintiff Dovi Lowenbein.

51. The number 800-358-4328 appeared and was the source of 200 calls to plaintiff Shmuel Lowenbein.

52. The number 800-497-8044 appeared and was the source of 26 calls to plaintiff Shmuel Lowenbein.

53. The number 800-250-9460 appeared and was the source of 1 call.

54. The defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating 546 telephone calls to the plaintiffs' wireless telephone number using an artificial and/or pre-recorded voice to deliver messages without having the consent of the plaintiffs to leave such messages.

55. Defendant has repeatedly violated the TCPA by the calls made to Plaintiffs, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against plaintiffs by defendant.

56. There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiffs have not consented to the use of the wireless telephone number at issue.

57. Each call is a separate violation and entitles plaintiffs to statutory damages against defendant in the amount of $500.00 per call.

58. Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

59. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA. Courts have found collection agency's have willfully or knowingly violated the TCPA simply by calling any plaintiff on his/her cell phone using a pre-recorded voice, regardless of whether it knew it was violating the law. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874).

*Violations of the Telephone Communications Privacy Act*

60. The actions of the defendant violate the TCPA.

61. Because the defendant intentionally violated the TCPA, the plaintiff is entitled to damages in accordance with the TCPA namely $1500 for each call where the defendant failed to obtain prior consent from the plaintiff.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against the defendant and award damages as follows:

(a) Statutory damages provided under the TCPA in the amount of $819,000.00 and injunctive relief;

(b) Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A FOURTH CAUSE OF ACTION

### *Violations of the FDCPA on an individual basis*

62. Plaintiff Dovi Lowenbein restates, realleges, and incorporates herein by reference, paragraphs 1-7 as if set forth fully in this Cause of Action.

63. That on or about July 22, 2010 defendant left a message for the plaintiff which disclosed that it was concerning a debt.

64. The message which set forth that the message was from a debt collector was overheard by the plantiff's grandmother.

65. These messages which violated the plaintiff's right of privacy, were extremely embarrassing for the plaintiff.

66. Plaintiff suffered emotional distress damage due to the defendant's actions.

-11-

67. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a) The defendant violated 15 U.S.C. § 1692c(b) by disclosing to an unauthorized third party that plaintiff owed a debt.

64. As a result of the above violations of the FDCPA, defendant is liable to the plaintiff for the sum of plaintiff's statutory and actual damages to be determined at trial, plus costs and attorney's fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

   (a) Statutory and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

   (b) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (c) For such other and further relief as may be just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION

### *Violations of the FDCPA on an Individual basis*

65. Plaintiff Shmuel Lowenbein restates, realleges, and incorporates herein by reference, paragraphs 1-9 as if set forth fully in this Cause of Action.

66. That on or about August 26, 2010 defendant attempted to contact plaintiff Shmuel Lowenbein by calling him at his home telephone number.

67. At the time plaintiff was entertaining guests, his brother and sister-in-law, and was unable answer the telephone.

68.  When plaintiff did not answer, defendant left a message on plaintiff's answering machine.

69.  Plaintiff's answering machine can be heard by whoever is in its general vicinity, and the subject message left by defendant was heard by plaintiff's brother and sister-in-law.

70.  Defendant's message disclosed to plaintiff's brother and sister-in-law that plaintiff owed a debt.

71.  Plaintiff's brother and sister-in-law were unaware that plaintiff owed a debt.

72.  That as a result of defendant's acts, plaintiff became nervous, upset, anxious, and suffered from emotional distress and embarrassment

73.  Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a)   The defendant violated 15 U.S.C. § 1692c(b) by disclosing to an unauthorized third party that plaintiff owed a debt.

74.  As a result of the above violations of the FDCPA, defendant is liable to the plaintiff for the sum of plaintiff's statutory and actual damages to be determined at trial, plus costs and attorney's fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

   (a)   Statutory and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

   (b)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (c)   For such other and further relief as may be just and proper.

Dated: Cedarhurst, New York
July 11, 2011

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
Attorney for the Plaintiff
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

-14-

Case 1:11-cv-03341-ARR-JMA   Document 12-2   Filed 07/27/12   Page 16 of 18 PageID #: 65

Case MDL No. 2398   Document 13-3   Filed 07/26/12   Page 16 of 18
Eastern District of New York - Live Database Version 5.1.1                   Page 1 of 3

## U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:11-cv-03341-ARR-JMA

Lowenbein et al v. Enhanced Recovery Company, LLC  
Assigned to: Judge Allyne R. Ross  
Referred to: Magistrate Judge Joan M. Azrack  
Cause: 15:1692 Fair Debt Collection Act

Date Filed: 07/12/2011  
Jury Demand: Plaintiff  
Nature of Suit: 480 Consumer Credit  
Jurisdiction: Federal Question

**Plaintiff**

Shmuel Lowenbein

represented by Adam Jon Fishbein  
Adam J. Fishbein, Attorney at Law  
483 Chestnut Street  
Cederhurst, NY 11516  
(516) 791-4400  
Fax: (516) 791-4411  
Email: fishbeinadamj@gmail.com  
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Dovi Lowenbein  
*on behalf of themselves and all similarly situated*

represented by Adam Jon Fishbein  
(See above for address)  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

Enhanced Recovery Company, LLC  
*formerly known as*  
Enhanced Recovery Corporation

represented by Aaron R Easley  
Sessions Fishman Nathan Israel LLC  
200 Route 31 North  
Suite 203  
Flemington, NJ 08822  
908-751-5797  
Fax: 908-751-5944  
Email: aeasley@sessions-law.biz  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/12/2011 | 1 | COMPLAINT against Enhanced Recovery Company, LLC Disclosure Statement on Civil Cover Sheet completed -yes,, filed by Shmuel Lowenbein, Dovi Lowenbein. (Attachments: # 1 Civil Cover Sheet) (Bowens, Priscilla) (Entered: 07/13/2011) |
| 07/12/2011 |   | Summons Issued as to Enhanced Recovery Company, LLC. (Bowens, Priscilla) (Entered: 07/13/2011) |
| 07/12/2011 |   | FILING FEE: $ 350, receipt number 6855 (Bowens, Priscilla) (Entered: |

Case 1:11-cv-03341-ARR-JMA   Document 12-2   Filed 07/27/12   Page 17 of 18 PageID #: 66

Case MDL No. 2398   Document 13-3   Filed 07/26/12   Page 17 of 18
Eastern District of New York - Live Database Version 5.1.1                Page 2 of 3

| | | 07/13/2011) |
|---|---|---|
| 07/26/2011 | 2 | SCHEDULING ORDER: An initial conference will be held on 10/17/2011 at 11:30 AM in Courtroom 504 North. Counsel for all parties must be present. Plaintiff's counsel to confirm with defendant's counsel that all necessary participants are aware of this conference. Prior to the conference, the parties are to comply with the requirements of Rule 26(f) of the Fed.R.Civ.P. The attached questionnaire must be completed and brought to the conference. Ordered by Magistrate Judge Andrew L. Carter, Jr. on 7/26/2011. (Hunter-Hicks, Tara) (Entered: 07/26/2011) |
| 10/16/2011 | 3 | Letter MOTION to Adjourn Conference by Dovi Lowenbein, Shmuel Lowenbein. (Fishbein, Adam) (Entered: 10/16/2011) |
| 10/17/2011 | | ORDER granting 3 Motion to Adjourn the Initial Conference to 11/17/11 at 10:45 a.m. Ordered by Magistrate Judge Andrew L. Carter, Jr. on 10/17/2011. (Hunter-Hicks, Tara) (Entered: 10/17/2011) |
| 10/17/2011 | | Set/Reset Hearings: Initial Conference set for 11/17/2011 at 10:45 a.m. in Courtroom 504 North before Magistrate Judge Andrew L. Carter, Jr. (Hunter-Hicks, Tara) (Entered: 10/17/2011) |
| 11/14/2011 | 4 | SUMMONS Returned Executed by Shmuel Lowenbein, Dovi Lowenbein. Enhanced Recovery Company, LLC served on 11/9/2011, answer due 11/30/2011. (Fishbein, Adam) (Entered: 11/14/2011) |
| 11/14/2011 | 5 | MOTION to Adjourn Conference by Dovi Lowenbein, Shmuel Lowenbein. (Fishbein, Adam) (Entered: 11/14/2011) |
| 11/15/2011 | | ORDER granting 5 Motion to Adjourn Conference until 1/5/12 at 11:30 a.m. Ordered by Magistrate Judge Andrew L. Carter, Jr. on 11/15/2011. (Dharia, Kruti) (Entered: 11/15/2011) |
| 11/16/2011 | | Set/Reset Hearings: Initial Conference set for 1/5/2012 at 11:30 a.m. in Courtroom 504 North before Magistrate Judge Andrew L. Carter, Jr. (Hunter-Hicks, Tara) (Entered: 11/16/2011) |
| 12/14/2011 | | Magistrate Judge Joan M. Azrack added. Magistrate Judge Andrew L. Carter, Jr no longer assigned to case. (Gapinski, Michele) (Entered: 12/14/2011) |
| 12/19/2011 | 6 | Corporate Disclosure Statement by Enhanced Recovery Company, LLC (Easley, Aaron) (Entered: 12/19/2011) |
| 12/19/2011 | 7 | ANSWER to 1 Complaint by Enhanced Recovery Company, LLC. (Easley, Aaron) (Entered: 12/19/2011) |
| 12/20/2011 | | SCHEDULING ORDER: The initial conference previously scheduled for January 5, 2012, at 11:30 AM before Magistrate Judge Carter is hereby rescheduled for January 19, 2012, at 2:30 PM before Magistrate Judge Azrack in Courtroom 6B. Any request for an adjournment must be made in the form of a letter motion filed on ECF at least forty-eight (48) hours before the scheduled conference and must indicate which parties consent to the adjournment. Ordered by Magistrate Judge Joan M. Azrack on 12/20/2011. (Beauchamp, Peter) (Entered: 12/20/2011) |

Case 1:11-cv-03341-ARR-JMA   Document 12-2   Filed 07/27/12   Page 18 of 18 PageID #: 67

Case MDL No. 2398   Document 13-3   Filed 07/26/12   Page 18 of 18
Eastern District of New York - Live Database Version 5.1.1                       Page 3 of 3

| | | |
|---|---|---|
| 12/30/2011 | 8 | Joint Motion to Appear by Telephone by Dovi Lowenbein, Shmuel Lowenbein. (Fishbein, Adam) (Entered: 12/30/2011) |
| 12/30/2011 | | ORDER granting 8 Motion to Appear by Telephone. For the reasons stated in letter motion 8, the in-person initial conference scheduled for January 19, 2012 at 2:30 PM is hereby changed to a telephone initial conference. Counsel are directed to confer and ensure that all parties are aware of this change. Plaintiff's counsel is directed to initiate the conference call and contact Chambers at (718) 613-2530 when all parties are on the line. Any requests for adjournment must be made via letter filed on ECF at least two days in advance of the scheduled conference and must indicate which parties consent to the adjournment. Ordered by Magistrate Judge Joan M. Azrack on 12/30/2011. (Terranova, Robert). (Entered: 12/30/2011) |
| 01/19/2012 | 9 | Minute Entry for proceedings held before Magistrate Judge Joan M. Azrack: Telephone Conference held on 1/19/2012. Discovery schedule set. Discovery to close 7/31/12. (Next Conference set for 5/8/2012 at 11:30 AM before Magistrate Judge Joan M. Azrack.) (Guzzi, Roseann) (Entered: 01/20/2012) |
| 02/13/2012 | 10 | Notice of Related Case (Bowens, Priscilla) (Entered: 02/14/2012) |
| 05/08/2012 | 11 | Minute Entry for proceedings held before Magistrate Judge Joan M. Azrack:Telephone Status Conference held on 5/8/2012. Counsel for parties present. Disc extended to 10/25/12. Telephone Conference set for 10/25/2012 at 11:00 AM in Courtroom 6E North before Magistrate Judge Joan M. Azrack. (Fernandez, Erica) (Entered: 05/09/2012) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/23/2012 15:55:02 | | | |
| PACER Login: | sf0026 | Client Code: | 9764 |
| Description: | Docket Report | Search Criteria: | 1:11-cv-03341-ARR-JMA |
| Billable Pages: | 3 | Cost: | 0.30 |