# Exhibit C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV11-5270

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 28 2011 ★
BROOKLYN OFFICE

MOHAMMED A. TIPOO, on behalf of himself and all others similarly situated,

Plaintiff,

-vs.-

ENHANCED RECOVERY COMPANY, LLC,

Defendant.

COMPLAINT

11 CV VITALIANO, J.

Class Action

BLOOM, M.J.

Jury Demanded

Comes now Mohammed A. Tipoo ("Tipoo" or "Plaintiff"), on behalf of himself and all others similarly situated, and alleges as follows:

1. Plaintiffs is bringing this action against Enhanced Recovery Company, LLC (hereinafter "ERC" or Defendant) for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the TCPA") and the regulations promulgated thereunder and the Fair Debt Collection Practices Act ("the FDCPA"). Plaintiff is also bringing this action on behalf of himself and a Class for Defendant's violations of New York General Business Law ("GBL") § 399-p. In short, within the last year, Defendant, using an automatic dialing-announcing device, has made at over 50 calls to Plaintiff on his cellular telephone and left prerecorded or artifical-voice debt-collection messages regarding a consumer debt that Plaintiff does not owe. These calls were made without Plaintiff's express consent, and the messages did not identify the name of the person making the call, the person on whose behalf these calls were being made and the address and the telephone number of the person on whose behalf the calls were being made. These calls violated the TCPA, which prohibits the making of any telephone calls to a cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express permission of the person to whom the call is made, the FDCPA, which

1

among other things prohibits attempts to collect a debt from a person who does not owe the debt, and New York General Business Law § 399-p, which prohibits any person to place a telephone call using an automatic dialing-announcing device that does not state at the end of the message the address and telephone number of the person on whose behalf the call is being transmitted. Over the last three years Defendant has made over 100,000 identical or substantially similar calls to persons in New York State. Accordingly, Plaintiff brought an individual action for Defendant's violations of the FDCPA and the TCPA and a class action for Defendant's violations GBL § 399-p.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331, 47 U.S.C. § 227 and 15 U.S.C. § 1692k(d).

3. This Court also has diversity jurisdiction over Plaintiff's TCPA claims in this action under 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000 and Plaintiff is a citizen of a state different from Defendant.

4. This Court also has diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because, upon information and belief, Plaintiff's and the Class GBL § 399-p claims exceeds the sum or value of $5,000,000, exclusive of interest and costs, involves thousands of class members and is a class action in which at least one member of the class, i.e., Plaintiff, is a citizen of a state different from Defendant.

5. Venue is this judicial district is proper under 28 U.S.C. §§ 1391(a)(2), 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## PARTIES

6. Plaintiff is a citizen of New York state and resides in Queens, New York.

7. Upon information and belief, Plaintiff is a "consumer" as that term is defined by §1692(a)(3) of the Fair Debt Collection Practices Act ("FDCPA"), in that, upon information and belief, the alleged debts that Defendant sought to collect from Plaintiff are consumer debts, incurred for personal, family or household purposes.

8. Upon information and belief, Defendant, a collection agency, is a Delaware corporation with its principal place of business located at 8014 Bayberry Road, Jacksonville, Florida 32256.

9. Upon information and belief, Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers. Defendant is therefore a "debt collector" as that term is defined by §1692(a)(6) of the FDCPA.

## STATUTORY BACKGROUND

10. The FDCPA prohibits a debt collector from making a false representation of "the character, amount or legal status of any debt." 15 U.S.C. § 1692e(2)(A). The FDCPA also prohibits a debt collector from using "any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692(e)(10). The FDCPA also prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect a debt." 15 U.S.C. § 1692f

11. The FDCPA provides for a private right of action for any violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(10), 1692f and the plaintiff may recover, among other things, statutory damages as well as costs and attorneys fees. 15 U.S.C. §§ 1692k(a)(2)(A), 1692k(a)(3).

3

12. The TCPA prohibits a person from making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii).

13. The TCPA defines the term "automatic telephone dialing system" as "equipment which has the capacity -- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. 227(a)(1).

14. Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

    A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

    (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

    (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

    (C) both such actions

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

15. GBL § 399-p(3) provides that "[w]henever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following: (a) state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and

4

telephone number of the person on whose behalf the message is transmitted, provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law."

16. GBL § 399-p(1)(a) defines "automatic dialing-announcing device" as "any automatic equipment which incorporates a storage capability of telephone numbers to be called and is used, working alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone number called without the use of an operator."

17. GBL § 399-p(9) provides that any person who receives a telephone call in violation of, among other things, GBL § 399-p(3), may bring a cause of action to enjoin such unlawful act or practice, to recover actual damages or statutory damages of $50, whichever is greater, and for reasonable attorney's fees and costs.

## DEFENDANT'S ILLEGAL CONDUCT

18. Upon information from on or about October, 2010 through on or about March, 2011, Defendant placed over 50 debt collection calls to Plaintiff's cellular phone using automatic equipment that incorporated a storage capability of telephone numbers to be called, and which worked alone or with other equipment, to disseminate a prerecorded message to the telephone number called.

19. Upon information and belief the automatic equipment described in the previous paragraph had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and to dial such numbers. Said automatic equipment shall hereinafter be referred to as "the autodialer".

20. Upon information and belief, the over 50 debt collection calls Defendant placed to Plaintiff's cellular telephone using the autodialer contained the following pre-recorded message

or a pre-recorded message substantially similar to the following message: "Enhanced Recovery Company, a collection agency attempting to collect a debt. Any information obtained will be used for that purpose. Please contact us at 800-390-7585 or visit www.payerc.com and provide reference number 38914277."

21. Upon information and belief, when Defendant made the over 50 debt collection calls to Plaintiff, Defendant was attempting to collect a debt from Plaintiff that Plaintiff did not owe and that was owed by someone other than Plaintiff.

22. Plaintiff was charged by his cellular telephone service for each of the calls Defendant placed to Plaintiff's cellular telephone.

23. Plaintiff did not provide and had not provided prior express consent to Defendant to make any of the debt collection calls to Plaintiff.

24. Upon information and belief, from three years prior to the date filing of the instant Complaint to the date of the filing of the instant Complaint, Defendant used the autodialer described above to make over 100,000 calls, to thousands of persons in New York State, that contained prerecorded messages that were identical or substantially similar to the over 50 prerecorded messages Defendant left for Plaintiff described above.

## CLASS ALLEGATIONS

25. Plaintiff brings this class action for Defendant's violations of GBL 399-p on behalf of himself and all others similarly situated under rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

26. Plaintiff seek to represent a class of individuals ("the Class") defined as follows:

All persons in New York State from three years prior to the filing of the instant Complaint to the date of the filing of the instant Complaint, whom Defendant called using the

autodialer, where the calls contained a prerecorded message identical or substantially similar to the prerecorded message, described above, that Defendant left for Plaintiff in Defendant's over 50 debt collection calls to Plaintiff.

27. Numerosity: The Class is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

28. Upon information and belief the Class contains at a minimum thousands of members.

29. Upon information and belief, the Class' size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's call records.

30. Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

31. Typicality: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

32. Plaintiff and members the Class each received one least one telephone call from Defendant, that Defendant's autodialer placed, and the pre-recorded message of the autodialer in each of those calls was identical or substantially similar to the messages Plaintiff received from Defendant described above.

33. Common Questions of Fact and Law: There is a well-defined community of

common questions of fact and law affecting the Plaintiff and members of the Class.

34. The questions of fact and law common to Plaintiff and Class A predominate over questions which may affect individual members and include the following:

(a) Whether Defendant's conduct of calling Plaintiff and the members of the Class using the autodialer with a precorded message identical or substantially similar to the prerecorded message Defendant left for Plaintiff, described above, violates GBL § 399-p?

(b) Whether Plaintiff and the members of the Class are entitled to statutory damages for Defendant's acts and conduct; and

(c) Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct?

35. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel who is competent and experienced in litigation in the federal courts and class action litigation.

36. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not

know of any other litigation concerning this controversy already commenced against Defendant by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

37. <u>Injunctive Relief</u>: Defendant has acted on grounds generally applicable to Plaintiff and members of the Class, thereby making appropriate final injunctive relief with respect to Plaintiff and the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

38. Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

39. By Defendant's above-described conduct, Defendant committed over 50 violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(10), 1692f.

40. Accordingly, Plaintiff is entitled to the maximum amount of statutory damages provided under the FDCPA, 15 U.S.C. § 1692k plus attorney's fees and costs of this action.

## AS AND FOR A SECOND CAUSE OF ACTION

41. Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

42. By Defendant's above-described conduct Defendant committed over 50 violations

9

of 47 U.S.C. § 227(b)(1)(a)(3).

43. Accordingly, Plaintiff is entitled to statutory damages under 47 U.S.C. § 227(b)(3) of greater than $25,000 and an injunction against defendant ordering it to enjoin its violations of the TCPA.

44. If it is found that Defendant willfully and/or knowingly made the telephone calls described herein to Plaintiff's cellular telephone, Plaintiff requests an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $75,000.

### AS AND FOR A THIRD CAUSE OF ACTION

45. Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

46. By Defendant's above-described conduct Defendant committed over 100,000 violations of GBL § 399-p(3) against Plaintiff and the Class.

47. Accordingly, Plaintiff and the Class are entitled to statutory damages under GBL § 399-p(9) of greater than $5,000,000 and attorney's fees and costs of this action.

48. In addition, Plaintiff and the Class are entitled to an injunction against Defendant ordering Defendant to cease its violations of GBL § 399-p.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

A. An order certifying the Class and appointing Plaintiff as the representative of the Class and appointing the law firm representing Plaintiff as counsel for the Class;

B. An award to Plaintiff and the members of the Class of statutory damages in excess of $5,000,000 pursuant to GBL § 399-p(9) for Defendant's violations GBL § 399-p(3)

C. An injunction against Defendant, on behalf of Plaintiff and the members of the Class, prohibiting Defendant from violating GBL § 399-p.

D. An award to Plaintiff and the class of attorney fees and costs incurred in bringing the portion of this action concerning the Defendant's GBL 399-p violations against Plaintiff and the Class;

E. An award to Plaintiff of the maximum amount of statutory damages provided under the FDCPA, 15 U.S.C. 1692(k), for Defendant's over 50 violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(10), 1692f;

F. An award to Plaintiff of Attorney fees, litigation expenses and costs incurred in bringing the portion of this action concerning the Defendants FDCPA violations.

G. An award to Plaintiff of statutory damages, in excess of $25,000, pursuant to 47 U.S.C. § 227(b), for Defendant's over 50 violations of 47 U.S.C. § 227(b)(1)(A);

H. If it is found that Defendant willfully and/or knowingly made the telephone calls described herein to Plaintiff's cellular telephone, Plaintiff requests an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $75,000.

I. An injunction against Defendant, on behalf of Plaintiff prohibiting Defendant from violating 47 U.S.C. § 227(b)(1)(A); and

J. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: White Plains, New York
October 27, 2011

                            Respectfully submitted,

                            BELLIN & ASSOCIATES LLC

                            By: *Aytan Y. Bellin*
                                Aytan Y. Bellin, Esq.
                            Attorneys for Plaintiff and the Class
                            85 Miles Avenue
                            White Plains, New York 10606
                            Tel: (914) 358-5345
                            Fax: (212) 571-0284
                            E-mail: aytan.bellin@bellinlaw.com

Case 1:11-cv-03341-ARR-JMA   Document 12-3   Filed 07/27/12   Page 14 of 17 PageID #: 81

Case MDL No. 2398   Document 13-4   Filed 07/26/12   Page 14 of 17
Eastern District of New York - Live Database Version 5.1.1                                    Page 1 of 4

## U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:11-cv-05270-ENV-LB

Tipoo v. Enhanced Recovery Company, Inc.
Assigned to: Judge Eric N. Vitaliano
Referred to: Magistrate Judge Lois Bloom
Cause: 28:1331 Fed. Question

Date Filed: 10/28/2011
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

Mohammed A. Tipoo
*on behalf of himself and all others similarly situated*

represented by Aytan Yehoshua Bellin
Bellin & Associates LLC
85 Miles Avenue
White Plains, NY 10606
914-358-5345
Fax: 212-571-0284
Email: aytan.bellin@bellinlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

Enhanced Recovery Company, Inc.

represented by Aaron R Easley
Sessions Fishman Nathan Israel LLC
200 Route 31 North
Suite 203
Flemington, NJ 08822
908-751-5797
Fax: 908-751-5944
Email: aeasley@sessions-law.biz
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/28/2011 | 1 | COMPLAINT against Enhanced Recovery Company, Inc. Disclosure Statement on Civil Cover Sheet completed -no,, filed by Mohammed A. Tipoo. (Attachments: # 1 Civil Cover Sheet) (Bowens, Priscilla) (Entered: 10/28/2011) |
| 10/28/2011 | | FILING FEE: $ 350, receipt number 4653035728 (Bowens, Priscilla) (Entered: 10/28/2011) |
| 10/28/2011 | | Summons Issued as to All Defendants. (Bowens, Priscilla) (Entered: 10/28/2011) |
| 11/08/2011 | 2 | SUMMONS Returned Executed by Mohammed A. Tipoo. Enhanced Recovery |

Case 1:11-cv-03341-ARR-JMA   Document 12-3   Filed 07/27/12   Page 15 of 17 PageID #: 82

Case MDL No. 2398   Document 13-4   Filed 07/26/12   Page 15 of 17
Eastern District of New York - Live Database Version 5.1.1
Page 2 of 4

| | | |
|---|---|---|
| | | Company, Inc. served on 10/31/2011, answer due 11/21/2011. (Bellin, Aytan) (Entered: 11/08/2011) |
| 11/21/2011 | 3 | MOTION for Extension of Time to File Answer, *Move, or Otherwise Plead in Response to the Complaint* by Enhanced Recovery Company, Inc.. (Easley, Aaron) (Entered: 11/21/2011) |
| 11/22/2011 | | ORDER granting 3 Motion for Extension of Time to Answer: Defendant shall respond to plaintiff's complaint by December 12, 2011. Ordered by Magistrate Judge Lois Bloom on 11/22/2011. (Gius, Angela) (Entered: 11/22/2011) |
| 12/12/2011 | 4 | MOTION to Certify Class *and to Stay Motion to Certify Class* by Mohammed A. Tipoo. (Attachments: # 1 Certificate of Service) (Bellin, Aytan) (Entered: 12/12/2011) |
| 12/12/2011 | 5 | MEMORANDUM in Support re 4 MOTION to Certify Class *and to Stay Motion to Certify Class* filed by Mohammed A. Tipoo. (Attachments: # 1 Certificate of Service) (Bellin, Aytan) (Entered: 12/12/2011) |
| 12/12/2011 | 6 | Letter *to Judge Eric N. Vitiliano re Plaintiff's Motion to Certify Class and For Stay of Motion to Certify Class* by Mohammed A. Tipoo (Attachments: # 1 Certificate of Service) (Bellin, Aytan) (Entered: 12/12/2011) |
| 12/12/2011 | 7 | Corporate Disclosure Statement by Enhanced Recovery Company, Inc. (Easley, Aaron) (Entered: 12/12/2011) |
| 12/12/2011 | 8 | ANSWER to 1 Complaint by Enhanced Recovery Company, Inc.. (Easley, Aaron) (Entered: 12/12/2011) |
| 12/16/2011 | | ORDER terminating 4 Motion to Certify Class. Plaintiff's motion is terminated for failure to comply with this Court's individual rules. Plaintiff's request to make such a motion will be entertained in the ordinary course following discovery. Ordered by Judge Eric N. Vitaliano on 12/16/2011. (Rasor, Katherine) (Entered: 12/16/2011) |
| 12/21/2011 | | SCHEDULING ORDER: The Court shall hold an initial pretrial conference pursuant to Fed. R. Civ. P. 16 on January 25, 2012 at 2:00 p.m. in Courtroom 11A South. The parties shall exchange their Rule 26(a)(1) initial disclosures and file their Rule 26(f) Meeting Report with the Court by January 18, 2012. Parties are advised that they must contact each other before making any request for an adjournment to the Court. Any request for an adjournment must be electronically filed with the Court at least forty-eight (48) hours before the scheduled conference. Ordered by Magistrate Judge Lois Bloom on 12/21/2011. (Turilli, Michael) (Entered: 12/21/2011) |
| 01/23/2012 | 9 | REPORT of Rule 26(f) Planning Meeting (Bellin, Aytan) (Entered: 01/23/2012) |
| 01/25/2012 | | Minute Entry for proceedings held before Magistrate Judge Lois Bloom:Initial Pretrial Conference held on 1/25/2012 (Tape #2:28-3:04.) (Gius, Angela) (Entered: 01/26/2012) |
| 01/26/2012 | | SCHEDULING ORDER: The Court held an initial conference in this case on January 25, 2012. If defendant plans to move under Rule 12(c) of the Federal |

Case 1:11-cv-03341-ARR-JMA   Document 12-3   Filed 07/27/12   Page 16 of 17 PageID #: 83

Case MDL No. 2398   Document 13-4   Filed 07/26/12   Page 16 of 17
Eastern District of New York - Live Database Version 5.1.1                    Page 3 of 4

| | | |
|---|---|---|
| | | Rules of Civil Procedure, counsel shall write to Judge Vitaliano in accordance with his individual rules to request a pre-motion conference by February 10, 2012, setting forth the legal and factual basis for the motion, and plaintiff shall respond by February 15, 2012. The Court declines to adopt the parties' proposed discovery plan. (ECF No. 9.) Instead, the parties shall complete all fact discovery by June 26, 2012. They shall write to the Court by April 26, 2012 to report the status of discovery. Ordered by Magistrate Judge Lois Bloom on 1/26/2012. (Gius, Angela) (Entered: 01/26/2012) |
| 02/06/2012 | 10 | MOTION for pre motion conference by Enhanced Recovery Company, Inc.. (Easley, Aaron) (Entered: 02/06/2012) |
| 02/09/2012 | 11 | RESPONSE to Motion re 10 MOTION for pre motion conference filed by Mohammed A. Tipoo. (Bellin, Aytan) (Entered: 02/09/2012) |
| 04/26/2012 | 12 | Letter *from Aytan Y. Bellin re the Status of Discovery* by Enhanced Recovery Company, Inc. (Attachments: # 1 Certificate of Service) (Bellin, Aytan) (Entered: 04/26/2012) |
| 05/10/2012 | 13 | MOTION for pre motion conference *(supplemental request)* by Enhanced Recovery Company, Inc.. (Easley, Aaron) (Entered: 05/10/2012) |
| 06/21/2012 | 14 | MOTION for Extension of Time to Complete Discovery , MOTION for Extension of Time to Amend by Mohammed A. Tipoo. (Attachments: # 1 Certificate of Service) (Bellin, Aytan) (Entered: 06/21/2012) |
| 06/21/2012 | | ORDER granting 10 13 Motion for Pre-Motion Conference. The parties are directed to appear for a pre-motion conference on June 28, 2012 at 2:30 p.m. in Courtroom 4C. Ordered by Judge Eric N. Vitaliano on 6/21/2012. (Rasor, Katherine) (Entered: 06/21/2012) |
| 06/22/2012 | | ORDER granting 14 Motion for Extension of Time to Complete Discovery. The parties' request for an extension of the discovery deadline is granted 14 ; the parties shall complete all discovery by October 30, 2012. The parties can address their request to file an Amended Complaint to the Honorable Eric N. Vitaliano at the pre-motion conference on June 28, 2012. Ordered by Magistrate Judge Lois Bloom on 6/22/2012. (Rabiee, Lara) (Entered: 06/22/2012) |
| 06/26/2012 | 15 | Motion to Appear by Telephone *or to change time of Pre-motion Conference to between 10 am and 1:30 p.m.* by Enhanced Recovery Company, Inc.. (Easley, Aaron) (Entered: 06/26/2012) |
| 06/26/2012 | | ORDER granting 15 Motion to change the time of the pre-motion conference. The conference is rescheduled for 11 a.m. on Thursday June 28, 2012. Ordered by Judge Eric N. Vitaliano on 6/26/2012. (Rasor, Katherine) (Entered: 06/26/2012) |
| 06/28/2012 | | Minute Entry: pre-motion conference held regarding plaintiff's request to file a motion to amend and defendant's proposed motion to dismiss the state law claim under GBL 399-p. Aytan Bellin for the plaintiff and Aaron Easley for the defendant. The parties will submit formal briefing on both issues. The parties are to confer and submit an agreed upon briefing schedule. Accordingly, |

Case 1:11-cv-03341-ARR-JMA Document 12-3 Filed 07/27/12 Page 17 of 17 PageID #: 84

Case MDL No. 2398 Document 13-4 Filed 07/26/12 Page 17 of 17
Eastern District of New York - Live Database Version 5.1.1    Page 4 of 4

|  |  |  |
|---|---|---|
|  |  | plaintiff's request to file a motion to amend 14 is granted. Court reporter: Michele Nardone. Ordered by Judge Eric N. Vitaliano on 6/28/2012. (Rasor, Katherine) (Entered: 06/28/2012) |
| 07/05/2012 | 16 | STIPULATION - *Stipulated Briefing Schedule* by Enhanced Recovery Company, Inc. (Easley, Aaron) (Entered: 07/05/2012) |
| 07/06/2012 |  | ORDER: The Court is in receipt of 16 the parties' stipulation regarding a briefing schedule. Accordingly, the parties shall serve their respective motions on or before August 3, 2012, shall serve their respective oppositions on or before September 4, 2012, and shall serve their respective replies on or before September 24, 2012. When all briefing is complete, in accordance with this Court's individual rules, the entire set of briefs shall be filed with the Court. Ordered by Judge Eric N. Vitaliano on 7/6/2012. (Rasor, Katherine) (Entered: 07/06/2012) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/23/2012 15:53:55 | | | |
| PACER Login: | sf0026 | Client Code: | 9764 |
| Description: | Docket Report | Search Criteria: | 1:11-cv-05270-ENV-LB |
| Billable Pages: | 3 | Cost: | 0.30 |