# Exhibit E

SUMMONS ISSUED

CV-12 0697

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
MENDEL REIZES on behalf of himself and
all other similarly situated consumers

                Plaintiff,

-against-

ENHANCED RECOVERY COMPANY, LLC

                Defendant.
-------------------------------------------------------

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★ FEB 13 2012 ★

LONG ISLAND OFFICE

TOWNES, J.
POHORELSKY, M.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Mendel Reizes seeks redress for the illegal practices of Enhanced Recovery Company LLC, concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") and the Telephone Communications Privacy Act.

### *Parties*

2. Plaintiff is citizen of the State of New York who resides within this district.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff a consumer debt.

4. Upon information and belief, defendant is a Florida corporation with its principal place of business located in Jacksonville, Florida.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

Case 1:11-cv-03341-ARR-JMA   Document 12-5   Filed 07/27/12   Page 3 of 15 PageID #: 101

Case MDL No. 2398   Document 13-6   Filed 07/26/12   Page 3 of 15
Case 1:12-cv-00697-SLT-VVP   Document 1   Filed 02/13/12   Page 2 of 12 PageID #: 2

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Mendel Reizes*

9. Upon information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the plaintiff.

10. On many occasions within the past year defendant made 158 calls to an unauthorized wireless number belonging to plaintiff.

11. Specifically on February 18, 2011 and February 23, 2011, the defendant left messages for the plaintiff which did not set forth that the communication was from a debt collector in violation of 15 U.S.C. §§ 1692e(11) and 1692e(10).

12. Defendant used an auto dialer and or a prerecorded voice and messages for the plaintiff.

13. The message set forth that the communication was from a debt collector.

14. Defendant caused plaintiff to incur charges for defendant's collection communications when plaintiff had no reason to know the communication's purpose.

15. Defendant was prohibited from placing a call that will cause a charge to plaintiff without having notified plaintiff to expect it and without having announced its collection purpose.

16. Defendant called plaintiff's wireless phone number and plaintiff was charged a toll on all

those incoming calls. Plaintiff was not alerted to the calls beforehand.

17. 15 USC 1692f of the FDCPA prohibits a debt collector from engaging in any unlawful, illegal or unconscionable collection activity while Defendant was attempting to collect a consumer debt from Plaintiff. By violating the TCPA, Defendant(s) also violated 15 USC 1692f, et. seq., by engaging in unlawful, illegal and unconscionable collection activity.

18. On March 2, 2011, a representative of Enhanced Recovery Company LLC, called and a left message with a third party, the plaintiff's son.

19. Said practice is in violation of the FDCPA based upon the following case law. See Krapf v. Collectors Training Institute of Illinois, Inc, Dist. Court, WD New York 2010 ruled that this was a violation of 1692b, 1692c (b), and 1692d. (a complaint alleging that debt collector telephoned plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have plaintiff return call stated a claim for violation of Section 1692c(b) Romano v. Williams & Fudge, Inc., 644 F. Supp. 2d 653 - Dist. Court, WD Pennsylvania 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998 (holding that § 1692c(b) does not prohibit only those third-party communications in which some information about the debt is actually disclosed, because that reading would render § 1692b superfluous Thomas v. Consumer Adjustment Co., Inc., 579 F. Supp. 2d 1290 - Dist. Court, ED Missouri 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998. (All provisions of the statute must be considered and each term must be interpreted equally, so as not to deflect from the

meaning of the statute...Specifically, as to 15 U.S.C. § 1692, every clause and word must be given force and § 1692c(b) should be broadly interpreted to prohibit a debt collector from conveying any information to a third party that concerns a debt (except for the purpose of obtaining location information as permitted under § 1692b) Blair v. SHERMAN ACQUISITION, Dist. Court, ND Illinois 2004 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998.

("'Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs.'" from West v. Nationwide Credit, Inc., 998 F. Supp. 642, 645 n.2 (W.D.N.C. 1998) (quoting S. Rep. No. 95-382, reprinted at 1977 U.S. Code & Admin. News 1695, 1699) Mathis v. OMNIUM WORLDWIDE, Dist. Court, D. Oregon 2006 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998 (contact with a third party that did not involve an inquiry into Plaintiff's location information, but rather, revealed that Plaintiff had a "business matter stated a claim under § 1692c(b) finding that the plaintiff's allegation that the defendant contacted a third party to relay about a "very important" matter regarding the plaintiff Plaintiff sufficiently stated claims under §§ 1692b, 1692c (b), and 1692d Krapf v. COLLECTORS TRAINING INSTITUTE OF ILLINOIS, INC., Dist. Court, WD New York 2010 quoting West v. Nationwide Credit, Inc., 998 F.Supp. 642, 643-45 (W.D.N.C. 1998)

-4-

And finally the famous Foti v. NCO which gave the name to the now all common FOTI claim already quoted in almost all circuits as a FOTI claim - Judge Karas in foti based his reasoning on West v. Nationwide Credit In Judge Karas own words in foti ("In West v. Nationwide Credit, 998 F.Supp. 642, 644 (W.D.N.C.1998), the court rejected a narrow interpretation of the word "communication," similar to that advanced by NCO in this case. The plaintiff in West alleged that defendants violated § 1692c(b) by contacting plaintiffs neighbor. Defendants argued that a debt collector's phone call informing a neighbor that he had a "very important" matter to discuss did not violate § 1692c(b) because no information was actually conveyed about plaintiffs debt. The West court rejected this narrow interpretation of "communication" in favor of a broader interpretation. Id. at 644. In reaching this conclusion, the West court noted that "[i]n interpreting the meaning of a statute, it is well settled that '[t]he "plain meaning" of statutory language controls its construction,'" and went on to examine the dictionary definitions of "regarding." Id. (quoting 657*657 Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608, 610 (1st Cir.1995)). In particular, the court noted: "Webster's Ninth New Collegiate Dictionary (1st ed.1983) defines the term 'regard' as, inter alia, 'to relate to,' while it provides the following definition of the term 'regarding': 'with respect to: concerning.'" Id. "Based on these definitions, the court believes the ordinary meaning of the term 'regarding' is consistent with the broader interpretation advocated by Plaintiff." Id.This conclusion has been embraced by other courts as well in the context of applying § 1692c(b). See, e.g., Henderson, 2001 WL 969105, at *2 (rejecting defendant's

-5-

argument that letter sent to employer seeking information about whether plaintiff was employed, her wage scale, her type of employment, the full name of her employer, and if terminated, the name of her present employer, did not violate § 1692c(b) because it did not suggest a debt collection purpose). Thus, given the choice of language by Congress, the FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected. Indeed, a narrow reading of the term "communication" to exclude instances such as the present case where no specific information about a debt is explicitly conveyed could create a significant loophole in the FDCPA, allowing debtors to circumvent the § 1692e(11) disclosure requirement, and other provisions of the FDCPA that have a threshold "communication" requirement, merely by not conveying specific information about the debt. In fact, under Defendant's interpretation of "communication," a debt collector could call regularly after the thirty-day validation notice is sent, and not be subject to § 1692e(11)'s requirement so long as the message did not convey specific information about the debt. Such a reading is inconsistent with 658*658 Congress's intent to protect consumers from "serious and widespread" debt collection abuses. Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 - Dist. Court, SD New York 2006 based on the reasoning in West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998.

20. The said telephone messages are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692b, 1692c(b) and 1692d.

21. On March 4, 2011 a representative left message which was heard by plaintiff's brother-in-law.

22. Said telephone message is in violation of 15 U.S.C. § 1692c by improperly disclosing to an unauthorized third party that the plaintiff was receiving a communication from a debt collector.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff Mendel Reizes on behalf of himself and the members of a class, as against the defendant.*

23. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-8 as if set forth fully in this cause of action.

24. This action is brought on behalf of plaintiff and the members of three classes.

25. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who left a message in substantially the same form as was left for the plaintiff on or about March 2, 2011 and March 4, 2011, and that the message contained violations of 15 U.S.C. § 1692c.

26. Class B consists of the class members who were charged for the call in violation of 1692f.

27. Class C consists of all persons whom Defendant's records reflect resided in New York who received a telephonic message from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed without setting forth that the communication was from a debt

-7-

collector; and (c) that the telephone messages were in violation 15 U.S.C. 1692 §§ 1692e(11) and 1692e(10).

28. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the messages which were overheard by unauthorized third parties, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

29. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the

risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

30. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

31. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

32. The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

33. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against the defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

*Violations of the Telephone Consumer Protection Act brought by plaintiff*

34. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-8 as if set forth fully in this Cause of Action.

35. The defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating one hundred and fifty eight (158) telephone calls to the plaintiff's wireless telephone number using an artificial and/or pre-recorded voice to deliver messages without having the consent of the plaintiff to leave such messages.

36. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against plaintiff by defendant also without having included the proper name of the defendant or any name for that matter.

37. There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiff has not consented to the use of the wireless telephone number at issue where the plaintiff was charged for each call.

38. Each call is a separate violation and entitles plaintiff to statutory damages against defendant in the amount of $500.00 per call.

39. Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

40. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA. Courts have found collection agencies have willfully or knowingly violated the TCPA simply by calling any plaintiff on his/her cell phone using a pre-recorded voice, regardless of whether it knew it was violating the law. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

*Violations of the Telephone Communications Privacy Act*

41. The FCC did not intend to exempt automated collection calls from the requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector failed to leave the legal name of the company. (Sengenberger v. Credit Control Services, Inc., 2010 U.S. Dist. LEXIS 43874)

42. The actions of the defendant violate the TCPA.

43. Because the defendant intentionally violated the TCPA, the plaintiff is entitled to damages in accordance with the TCPA namely $1500 for each call where the defendant failed to obtain prior consent from the plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against the defendant and award damages as follows:

    (a) Statutory damages provided under the TCPA and injunctive relief;

    (b) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
February 9, 2012

*[signature]*

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

*[signature]* Adam J. Fishbein (AF-9508)

Eastern District of New York - Live Database Version 5.1.1                     Page 1 of 2

## U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:12-cv-00697-SLT-VVP

Reizes v. Enhanced Recovery Company, LLC  
Assigned to: Judge Sandra L. Townes  
Referred to: Magistrate Judge Viktor V. Pohorelsky  
Cause: 15:1692 Fair Debt Collection Act  

Date Filed: 02/13/2012  
Jury Demand: Plaintiff  
Nature of Suit: 480 Consumer Credit  
Jurisdiction: Federal Question  

**Plaintiff**

Mendel Reizes  
*on behalf of himself and all other similarly situated consumers*

represented by Adam Jon Fishbein  
Adam J. Fishbein, Attorney at Law  
483 Chestnut Street  
Cederhurst, NY 11516  
(516) 791-4400  
Fax: (516) 791-4411  
Email: fishbeinadamj@gmail.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

Enhanced Recovery Company, LLC

represented by Denna Dong-Yun Ahn  
Smith Gambrell & Russell LLP  
250 Park Avenue  
Suite 1900  
New York, NY 10177  
212-907-9705  
Fax: 212-907-9805  
Email: dahn@sgrlaw.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

Aaron R Easley  
Sessions Fishman Nathan Israel LLC  
200 Route 31 North  
Suite 203  
Flemington, NJ 08822  
908-751-5797  
Fax: 908-751-5944  
Email: aeasley@sessions-law.biz  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/13/2012 | 1 | COMPLAINT against All Defendants Disclosure Statement on Civil Cover |

|  |  |  |
|---|---|---|
|  |  | Sheet completed -no,, filed by Mendel Reizes. (Attachments: # 1 Civil Cover Sheet) (Bowens, Priscilla) (Entered: 02/14/2012) |
| 02/13/2012 |  | FILING FEE: $ 350, receipt number 8726 (Bowens, Priscilla) (Entered: 02/14/2012) |
| 02/13/2012 |  | Summons Issued as to All Defendants. (Bowens, Priscilla) (Entered: 02/14/2012) |
| 02/13/2012 | 2 | Notice of Related Case (Bowens, Priscilla) (Entered: 02/14/2012) |
| 05/24/2012 | 3 | WAIVER OF SERVICE Returned Executed by Mendel Reizes. Enhanced Recovery Company, LLC waiver sent on 4/5/2012, answer due 6/4/2012. (Fishbein, Adam) (Entered: 05/24/2012) |
| 06/04/2012 | 4 | ANSWER to 1 Complaint by Enhanced Recovery Company, LLC. (Ahn, Deana) (Entered: 06/04/2012) |
| 06/07/2012 |  | SCHEDULING ORDER: An initial conference will be held in this case on August 9, 2012 at 11:00 a.m. before Viktor V. Pohorelsky, United States Magistrate Judge in Courtroom 13A of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York. All parties are directed to make the disclosures required by Rules 26(a)(1) of the Federal Rules of Civil Procedure no later than *five days before* the conference. All counsel are required to attend, and plaintiff's counsel is directed to ensure that all counsel are aware of their obligation to appear. Any requests for adjournment must be made in writing on notice to opposing parties, and must disclose whether or not all parties consent. No request for adjournment will be considered unless made at least forty-eight (48) hours before the scheduled conference. Ordered by Magistrate Judge Viktor V. Pohorelsky on 6/7/2012. (Newton, Joan) (Entered: 06/07/2012) |
| 07/17/2012 | 5 | NOTICE of Appearance by Aaron R Easley on behalf of Enhanced Recovery Company, LLC (aty to be noticed) (Easley, Aaron) (Entered: 07/17/2012) |

| PACER Service Center |||||
|---|---|---|---|---|
| Transaction Receipt ||||||
| 07/23/2012 15:56:12 ||||||
| PACER Login: | sf0026 | Client Code: | 9764 |
| Description: | Docket Report | Search Criteria: | 1:12-cv-00697-SLT-VVP |
| Billable Pages: | 2 | Cost: | 0.20 |